## COMMONWEALTH *vs.* JOSIAH G. CHASE.

The clerk of a city or town is the proper certifying officer to authenticate copies of the votes, ordinances, and by-laws thereof; and such copies are admissible in evidence, when purporting to be duly attested, without any verification of the clerk's signature.

A by-law of the city of Lowell, which provides generally that the owners of dogs shall not suffer them to go at large in the city, or to escape from their master's premises, without being safely muzzled, is valid, and may be enforced against all persons who are inhabitants of Lowell.

THIS was a complaint originally made before the police court of the city of Lowell, against the defendant, for permitting his dog to go at large in that city, contrary to a by-law thereof, without being safely muzzled.   The defendant, being convicted, appealed to the court of common pleas, where the complaint was tried before *Mellen*, J.   The district attorney offered in evidence a copy of the by-law, purporting to be attested by the city clerk of Lowell, to the admission of which the defendant objected, on the following grounds: — 1st, That there was no evidence that the signature, purporting to be that of the clerk, was in his handwriting; and 2d, That the clerk was not a certifying officer.   The objection was overruled, and the copy admitted

The by-law in question was as follows : —

"No person, being the owner and keeper of any dog, shall suffer such dog to go at large in the city, or to escape out of the yard, building, or inclosure of such owner or keeper, without being safely muzzled, under a penalty of not less than one or more than ten dollars for each offence, which penalty shall be recoverable in any court having jurisdiction of the subject-matter, to the use and benefit of the prosecutor."

The defendant objected that the by-law was absolutely void, and also that it was void as against him, because it did not appear, as he contended, that he was an inhabitant of Lowell ; but the presiding judge instructed the jury, that the by-law was valid and binding on the defendant, if, at the time of the alleged violation thereof, he was an inhabitant of the city of Lowell. The jury returned a verdict of guilty, and the defendant excepted.

*B. F. Butler*, for the defendant.

*I. S. Morse*, city solicitor, for the commonwealth.

Dewey, J. 1. The clerk of a city or town is the proper certifying officer of all votes, ordinances, or by-laws of such city or town ; and copies thereof duly attested by the clerk are competent evidence.to go to the jury, without any special verification of the genuineness of the signature, such as would be required in proof of ordinary instruments, where notice had been given requiring such proof. Of course, copies so authenticated are *primâ facie* evidence only, which may be controlled by any circumstances tending to show a forgery.

2. This by-law was a good by-law as respects all persons who were inhabitants of Lowell. The jury have found that the defendant was such inhabitant of Lowell, and this brings the case within the decision in *Commonwealth* v. *Dow*, 10 Met. 382.

*Exceptions overruled.*